UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Toratio Deval Williams, | ) | C/A No. 9:25-cv-13382-BHH-MHC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Captain Beatty, Captain Branch, | ) | |
| Captain Bailey, Leutinent Hewitt, | ) | |
| Leutinent Allen, Sgt Bud, Sgt Brit, | ) | |
| Sgt Dickerson, Pfc Robertson, | ) | |
| Ofc. Charles Glover, Jr., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This is a civil action filed by Plaintiff Toratio Deval Williams. He is proceeding pro se and *in forma pauperis*. Under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge.

By Order dated May 20, 2026, Plaintiff was given a specific time frame in which to bring this case into proper form by providing a completed and signed Form USM-285 for each named Defendant and a completed summons form for Defendant Captain Beatty. In the Order, Plaintiff was also notified of pleading deficiencies and given the opportunity to file an amended complaint. ECF No. 6. On June 3, 2026, the Order was returned marked "RTS" [return to sender]." ECF No. 10. Plaintiff has not provided an updated address.[1] This case is not in proper form, and no amended complaint has been filed.

---

[1] The Certification and Closing section of the standard complaint form, which Plaintiff submitted and signed, provides that:

> I [Plaintiff] agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

ECF No. 1 at 13.

## I.  BACKGROUND

At the time he filed this action, Plaintiff was a pretrial detainee at the Dorchester County

Detention Center (DCDC). As to the facts underlying his claim, he asserts:

> I WAS DEPRIVED OF RECREATION/SHOWER THE ABILITY TO MAKE A
> PHONE CALL FROM MAY 27-JUNE 19th MY RULE 5 WAS TAKEN FROM
> ME WHEN I CAME FROM COURT SEPT 18th AND PLACED IN MY
> PROPERTY DEPRIVING ME MY RIGHT TO REVIEW MY EVIDENCE/OCT
> 27 WHILE ON SOLO REC C.O. LET INMATE IN REC TO CAUSE HARM IN
> WHICH I SUSTAINED A CONCUSSION, BLACK EYE/NOSE BRUISING
> THE OFFICER GLOVER TRUMPED UP CHARGES ON ME ON MAY 21st
> RESULTING IN LOST OF LIVING SPACE, JOB/INCOME I HAVE HIM ON
> THE RULE 5 ELECTRONIC USB BODYCAM PERJURING PLUS HIS
> NARRATIVE KEEPS CHANGING

ECF No. 1 at 6-7 (errors in original). As relief, Plaintiff requests monetary damages and that the

officers involved be "fired."[2] *Id.* at 7.

## II.  STANDARD OF REVIEW

A pro se Complaint is reviewed pursuant to the procedural provisions of 28 U.S.C. § 1915,

the Prison Litigation Reform Act, Pub. L. No. 104–134, 110 Stat. 1321 (1996), and in light of the

following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992), *Neitzke v. Williams*, 490 U.S.

319 (1989), *Haines v. Kerner*, 404 U.S. 519 (1972), and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir.

1983). *Pro se* complaints are held to a less stringent standard than those drafted by attorneys, and

a court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the

development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007);

*King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016). However, the requirement of liberal

---

[2] The request that Defendants be fired from their jobs is not relief that is available in this action because this Court cannot terminate Defendants from employment. *See Maxton v. Johnson*, 488 F. Supp. 1030, 1032 n. 2 (D.S.C. 1980) (a federal district court lacks inherent power to hire, remove, or reassign officials not within the executive control of that federal district court) (citing *United States v. White County Bridge Comm'n*, 275 F.2d 529, 535 (7th Cir.1960)).

construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

### III.    **DISCUSSION**

It is recommended that this action be summarily dismissed for the reasons discussed below.

A.    Lack of Jurisdiction

Federal courts are courts of limited jurisdiction*, see Kokkonen v. Guardian Life Ins. of. of America*, 511 U.S. 375, 377 (1994), and a district court is charged with ensuring that all cases before it are properly subject to such jurisdiction. *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). The Complaint filed in this case is subject to summary dismissal without service of process because it fails to state a claim which this Court may consider under its federal question jurisdiction, *see* 28 U.S.C. § 1331, or its diversity jurisdiction, *see* 28 U.S.C. § 1332.[3] Plaintiff appears to be attempting to assert federal question jurisdiction pursuant to 42 U.S.C. § 1983 (§ 1983), which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States," *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012). To state

---

[3] A district court may also have jurisdiction of a civil action "where the matter in controversy exceeds the sum or value of $75,000...and is between – (1) citizens of different States...." 28 U.S.C. § 1332. However, Plaintiff has not asserted diversity jurisdiction and has not alleged complete diversity of the parties. *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 372-374 (1978) (Complete diversity of parties means that no party on one side may be a citizen of the same State as any party on the other side).

a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff checked a box on the Complaint form indicating he is bringing claims in his Complaint under § 1983. He appears to allege that his rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments were violated. *See* ECF No. 1 at 5. However, his conclusory allegation that his constitutional rights were violated, without supporting facts or citation to specific legal precedent establishing a cause of action he seeks to pursue, fails to adequately establish federal question jurisdiction under Rule 8. *Burgess v. Charlottesville Sav. & Loan Ass'n*, 477 F.2d 40, 43-44 (4th Cir. 1973) ("[T]he mere assertion in a pleading that the case is one involving the construction or application of the federal laws does not authorize the District Court to entertain the suit[,] nor does federal jurisdiction attach on the bare assertion that a federal right or law has been infringed or violated or that the suit takes its origin in the laws of the United States.") (internal citations and quotation marks omitted).

B.     Failure to State Claim

Even if Plaintiff has established subject matter jurisdiction, this action is subject to summary dismissal because Plaintiff fails to state a claim. He fails to provide any specific facts to support a claim that each of the named Defendants violated a federal constitutional or statutory right. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (requiring, to avoid dismissal, "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests'" (quoting Fed. R. Civ. P. 8(a)(2))). Although the "liberal pleading requirements" of Rule 8(a) only require a "short and plain" statement of the claim, a plaintiff must "offer more detail ... than the bald

statement that he has a valid claim of some type against the defendant." *Trulock v. Freeh*, 275 F.3d 391, 405 (4th Cir. 2001) (internal citations omitted); *see also White v. White*, 886 F.2d 721, 723 (4th Cir. 1989) (district court did not abuse discretion by dismissing plaintiff's complaint which "failed to contain any factual allegations tending to support his bare assertion").

Although Plaintiff generally alleges that his constitutional rights were violated, his allegations do not state which Defendant allegedly violated which constitutional right. As recently recognized by the Fourth Circuit, "[l]umping defendants together won't do" and a plaintiff who makes collective allegations against defendants "without specifying how each individual interacted with [or] bore responsibility for the alleged constitutional deprivation--has not stated a plausible claim against any defendant." *Rice v. Adams*, 172 F.4th 428, 432 (4th Cir. 2026); *see also Langford v. Joyner*, 62 F.4th 122, 126 (4th Cir. 2023) ("[W]e do not require a complaint to contain detailed factual allegations. But we do require sufficient facts to allow the court to infer liability as to each defendant. This is baked into Rule 8's requirement that the complaint 'show' the plaintiff is entitled to relief.") (internal citations and quotation marks omitted).

Moreover, much of Plaintiff's Complaint is fairly characterized as being composed of what some courts have described as "buzz words" or "legalistic gibberish." *See, e.g., Rochester v. McKie*, No. 8:11-CV-0797-JMC-JDA, 2011 WL 2671306 (D.S.C. Apr. 13, 2011), *report and recommendation adopted*, No. 8:11-CV-0797-JMC, 2011 WL 2671228 (D.S.C. July 8, 2011). As such, a substantial portion of Plaintiff's allegations are so generally incomprehensible or filled with what could only be considered by a reasonable person as unconnected, conclusory, and unsupported comments or "gibberish", that it is unclear what is to be made of them. *See Hagans v. Lavine*, 415 U.S. 528, 536-537 (1974) (noting that federal courts lack power to entertain claims that are "so attenuated and unsubstantial as to be absolutely devoid of merit"); *see also Livingston*

5

*v. Adirondack Beverage Co.*, 141 F.3d 434 (2nd Cir. 1998); *Adams v. Rice*, 40 F.3d 72 (4th Cir. 1994) (affirming dismissal of Plaintiff's suit as frivolous where allegations were conclusory and nonsensical on their face).

Additionally, to the extent Plaintiff may be attempting to bring claims against Defendants based on a theory of supervisory liability, such claims are subject to summary dismissal. To state a § 1983 claim for supervisory liability, a plaintiff must allege:

> (1) the supervisor had actual or constructive knowledge that [his or her] subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices"; and (3) that there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

*Wilkins v. Montgomery*, 751 F.3d 214, 226 (4th Cir. 2014) (quoting *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994)). Here, Plaintiff has not alleged facts to establish supervisory liability as to any of the named Defendants.

## IV.     <u>RECOMMENDATION</u>

Based on the foregoing, it is recommended that the Court dismiss this action, without prejudice, without leave to amend,[4] and without issuance and service of process.

**Plaintiff's attention is directed to the important notice on the following page.**

Molly H. Cherry
United States Magistrate Judge

June 18, 2026
Charleston, South Carolina

---

[4] *See Britt v. DeJoy*, 45 F.4th 790 (4th Cir. 2022) (noting that "when a district court dismisses a complaint or all claims without providing leave to amend ... the order dismissing the complaint is final and appealable").

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).